FILED

15 JAN 29 PM 12: 21

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MARK BROWN II,<br>Inmate Number 11181259,<br><br>                            Plaintiff,<br>vs.<br><br>WILLIAM GORE, Sheriff of San Diego County, et al.,<br><br>                          Defendants. | CASE NO. 14cv102-BAS (KSC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. 37] |

Plaintiff Robert Mark Brown II, a state prisoner proceeding *pro se*, filed this action pursuant to Title 42, United States Code, Section 1983. Before the Court is the plaintiff's Motion for the Appointment of Counsel. [Doc. 37] In his Motion, the plaintiff requests that the Court appoint counsel in his case because: (1) the plaintiff is unable to afford counsel; (2) the issues involved in the case are complex; (3) the plaintiff, as a segregation inmate, has no access to a law library or legal assistance; (4) the plaintiff has written letters to lawyers to request their assistance with his case, but has not received a response; (5) the plaintiff has limited knowledge of the law; and (6) the plaintiff has vision problems following a surgery to repair a fracture caused by the inmate assault that is at issue in his claims. *Id.* at 1-2. For the reasons outlined below, this Court finds that plaintiff's Motion must be DENIED.

//

## DISCUSSION

An indigent's right to appointed counsel has been recognized to exist "only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Department of Social Services of Durham County, N. C.*, 452 U.S. 18, 25 (1981). District Courts generally lack authority to require counsel to represent indigent prisoners in Section 1983 cases. *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 298 (1989). However, in certain "exceptional circumstances," the Court may request the voluntary assistance of counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

"A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrell*, 935 F.2d at 1017 (internal citations omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (internal citation omitted).

The Court agrees that like any *pro se* litigant, the plaintiff "would be better served with the assistance of counsel." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). However, so long as a *pro se* litigant is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might *require* the appointment of counsel do not exist. *Id.* As currently pleaded, the plaintiff's Second Amended Complaint demonstrates his ability to articulate essential facts in support of his claims. *See* [Doc. 26] Thus, the Court finds that at this stage of the litigation, the plaintiff does appear to have an adequate grasp of his case as well as the legal issues involved. *See Terrell*, 935 F.2d at 1017.

Here, the Court finds that the plaintiff has not established either a likelihood of success on the merits or an inability to articulate his claims. First, the plaintiff's Second Amended Complaint alleges that the defendants violated his First Amendment rights through their "post card policy." [Doc. 26, p. 3] He further claims that the

defendants violated his Eighth Amendment rights through their failure to protect him from an assault by another inmate. *Id.* at 4. In his Motion, the plaintiff does not address the likelihood of success on the merits except to conclude that "[t]he plaintiff's allegations, if proved, clearly would establish constitutional violations." [Doc. 37, p. 14]

Second, there is nothing from which this Court could conclude that the plaintiff lacks the ability to articulate and prosecute his claims *pro se*. He has filed an original Complaint and two amended Complaints, as well as several motions. [Docs. 1, 2, 6, 14, 16, 18, 20, 24, 26] His filings are fairly well organized and present the issues with adequate clarity and efficiency.

Third, plaintiff claims that "[t]he sheer number of claims ... makes this a factually complex case." [Doc. 37, p. 11] However, the facts in the Complaint are not complex. The Second Amended Complaint ("SAC") contains several factual allegations regarding the plaintiff's right to receive mail and an assault by another inmate. [Doc. 26] These are neither novel nor particularly complicated allegations.

Fourth, any hardships imposed by plaintiff's incarceration and medical circumstances, such as limited access to legal materials, are not enough to establish exceptional circumstances. As expressed in plaintiff's moving papers, these hardships are similar to those encountered by all incarcerated civil litigants.

Finally, *pro se* litigants are afforded some leniency to compensate for their lack of legal training. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) (internal citation omitted). This also applies to motions. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). Accordingly, plaintiff's *pro se* status will be taken into consideration by the Court when his filings are reviewed.

//
//

## *CONCLUSION*

Based on the foregoing, IT IS HEREBY ORDERED THAT plaintiff's Motion for Appointment of Counsel [Doc. 37] is DENIED without prejudice.

To the extent that the plaintiff has alleged that he has been denied all access to the prison law library [Doc. 37, p. 1], the Court requests that counsel for the County contact the Prison Litigation Coordinator or other appropriate official at the plaintiff's facility to determine what can be done to ensure that he has access to appropriate legal resources throughout the pendency of his case.

IT IS SO ORDERED.

Date: January 28, 2015

KAREN S. CRAWFORD
United States Magistrate Judge