

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ROBERT MARK BROWN II, Inmate Number 11181259,

                                    Plaintiff,

v.

WILLIAM GORE, Sheriff of San Diego County, et al.,

                                    Defendants.

Case No.: 14-cv-102 BAS (KSC)

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE RE: GRANTING DEFENDANTS' MOTION TO DISMISS**

**Doc. Nos. 48; 50; 55**

Plaintiff Robert Mark Brown II, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action under Title 42, United States Code, Section 1983. Before the Court is defendants' Motion to Dismiss Second Amended Complaint for Failure to Prosecute [Doc. No. 48], plaintiff's Motion to Re-Open Discovery [Doc. No. 50], and plaintiff's Motion for Sanctions. [Doc. No. 55.] On May 13, 2016, this Court issued a Notice and Order to Show Cause Why Sanctions Should Not be Imposed under Rule 11 of the Federal Rules of Civil Procedure for plaintiff's assertions concerning the alleged "Mr. Worthington." [Doc. No. 66.]

Plaintiff's deadline to respond to the Show Cause Order was May 27, 2016. Plaintiff requested a 60-90 day extension to file his response, which this Court granted in part and denied in part on June 10, 2016. [Doc. No. 69.] Plaintiff was given until June 27, 2016 to

1  file his response and was expressly warned that the June 27, 2016 date would not be

2  continued absent "**extraordinary good cause arising from compelling, unforeseen**

3  **circumstances**." *Id* at p. 2 (emphasis in the original). Additionally, in the May 13, 2016

4  Order to Show Cause, the Court warned plaintiff that the failure to provide a timely and

5  complete response to the Order to Show Cause might result in a dismissal of his case. [Doc.

6  No. 66, at p. 9.] Plaintiff failed to provide a response to the Order to Show Cause by June

7  27, 2016. Based on the moving papers, and for the reasons outlined below, this Court

8  **RECOMMENDS** that defendants' Motion to Dismiss be **GRANTED** [Doc. No. 48] and

9  that plaintiff's Motion to Re-Open Discovery be **DENIED** [Doc. No. 50.] Additionally,

10  plaintiff's Motion for Sanctions is **DENIED as moot** without prejudice. [Doc. No. 55.]

## I. Background

12        On October 27, 2014 this Court issued a Scheduling Order for all pretrial dates in

13  the case. [Doc. No. 33.] Twenty one days before the March 27, 2015 discovery cutoff,

14  plaintiff filed a motion to extend the discovery deadline until July 27, 2015. [Doc. No. 40,

15  at p. 1.] Therein, plaintiff sought a continuance of the deadline because of alleged medical

16  problems with his vision and because of his pending release from incarceration on April

17  13, 2015. *Id.* Plaintiff asserted that he would "be better able to litigate from home with

18  access to the internet and law books…." *Id.* Finding good cause, this Court granted

19  plaintiff's request for a continuance and reset the pretrial Scheduling Order to conform

20  with a July 27, 2015 fact discovery cut-off. [Doc. No. 34.] In light of plaintiff's release

21  from confinement, the Court changed the Mandatory Settlement Conference ("MSC")

22  from telephonic to in person. *Id.* at 3. On November 19, 2015 defendants contacted the

23  Chambers of the assigned Magistrate Judge to inform the Court that plaintiff had returned

24  to confinement. Consequently, the Court revised the December 9, 2015 Mandatory

25  Settlement Conference from in person to telephonic, however the December 2, 2015

26  deadline to file the confidential settlement briefs remained unchanged [Doc. No. 43, at p.

27  3.] Defendants submitted a timely confidential brief with the Court on December 2, 2015,

28  however no brief was received from plaintiff.

1    At the telephonic Mandatory Settlement Conference on December 9, 2016, plaintiff
2    appeared *pro se* and Mr. Ronald Lenert appeared on behalf of defendants. Defendants
3    asserted that plaintiff did not leave a forwarding address upon his release on April 13, 2015,
4    and that as a result they were unable to get in contact with him from the date of his release
5    on April 13, 2015 until he was re-incarcerated on October 1, 2015. Because of this, and the
6    plaintiff's failure to contact defense counsel during the time period when he was not
7    incarcerated, the plaintiff conducted no formal discovery in accordance with this Court's
8    Scheduling Order [Doc. No. 33], and the defense was effectively precluded from
9    conducting any discovery.

10    On December 24, 2015, defendants filed the instant Motion to Dismiss for Lack of
11    Prosecution. [Doc. No. 48.] Plaintiff timely filed his Motion to Re-Open Discovery on
12    January 7, 2015. [Doc. No. 50.] Defendants filed a Response in Opposition to plaintiff's
13    Motion to Re-Open Discovery on January 20, 2016. Plaintiff filed a Response in
14    Opposition to Defendants' Motion to Dismiss on April 4, 2016.

15                   **II. Defendants' Motion to Dismiss for Lack of Prosecution**

16    Once a case is commenced it remains on the docket until the case is either
17    adjudicated or dismissed. "If the plaintiff fails to prosecute or to comply with these rules
18    or a court order, a defendant may move to dismiss the action or any claim against it."
19    Fed.R.Civ.P. 41(b). Dismissal is a severe sanction that should only be imposed in extreme
20    circumstances. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), as amended (May
21    22, 1992). This Court must consider five factors in assessing whether involuntary dismissal
22    of plaintiff's case is an appropriate sanction. *Id.* at 1260-1261. These factors include: "(1)
23    the public's interest in expeditious resolution of litigation; (2) the court's need to manage
24    its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
25    disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.*
26    A district court may dismiss a case when four factors support dismissal or where at least
27    three factors strongly support dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983,
28    990 (9th Cir. 1999).

1      *1.  The public's interest in expeditious resolution of litigation and the Court's need*
2        *to manage the docket.*

3      The first two factors weigh strongly in favor of dismissal. The Ninth Circuit has

4  noted that the public's interest in expeditious resolution of litigation always favors

5  dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999); *see In re*

6  *PPA Products Liability Litig.*, 460 F.3d at 1234 ("dismissal serves the public interest in

7  expeditious resolution of litigation as well as the court's need to manage the docket when

8  a plaintiff's noncompliance has caused the action to come to a halt, thereby allowing the

9  plaintiff, rather than the court, to control the pace of the docket."). "Notwithstanding this

10  ruling, a district court must find 'unreasonable delay' prior to dismissing a particular case

11  for lack of prosecution." *Wade v. Ratella*, 407 F. Supp. 2d 1196, 1207 (S.D. Cal. 2005)

12  (*quoting In re Eisen*, 31 F.3d 1447, 1451 (9th Cir.1994)).

13      The Court finds unreasonable delay directly caused by the inactivity of plaintiff. This

14  case has been on the Court's docket since the original Complaint was filed on January 15,

15  2014. [Doc. No. 1.] Plaintiff's failure to participate in the case for approximately eight

16  months caused the case to grind to a halt during the time period the parties were to be

17  actively engaging in discovery. *See* [Doc. No. 48-1, at p. 6] (indicating that defendants

18  were unable to gather any substantive discovery before plaintiff stopped prosecuting his

19  case). These actions allowed plaintiff, and not the Court, to control the Court's docket.[1]

20  Accordingly the first and second factor weigh strongly in support of dismissal.

21      *2.  Risk of prejudice to defendants.*

22      The third factor, risk of prejudice to defendants, weighs in favor of dismissal. A

23

24

---

25     [1]    The Court takes judicial notice, *sua sponte*, that the Southern District of California had 8,086 cases

26  filed in the 12 months reporting period ending March 31, 2016. *Federal Court Management Statistics,* http://www.uscourts.gov/statistics-reports/federal-court-management-statistics-march-2016 (last visited

27  on July 19, 2016).The District's average time from filing to trial in a civil case was 30 months during that same period. The right of access to the judicial system necessarily includes the prompt resolution of a

28  dispute. Actions by a litigant that cause unreasonable delay frustrate this goal and only underscore the old adage, justice delayed is justice denied.

1    rebuttable presumption of prejudice to the defendant arises from an unreasonable delay.
2    *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). This presumption is a
3    recognition of the inevitable friction present in every case that is compounded by the
4    passage of time. Memories fade, potential witnesses and evidence become harder to find,
5    and resources are spent holding a case in limbo, all because of a plaintiff's lack of diligence.
6    *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 955 (9th Cir. 2001). Here, defendants assert
7    actual prejudice caused by plaintiff's lack of prosecution. [Doc. No. 48-1, at p. 6]
8    ("Plaintiff's failure to prosecute has prejudiced Defendants by depriving them the
9    opportunity to obtain discovery and prepare their defenses.") Additionally, defendants
10   argue that plaintiff has not presented evidence to rebut the presumption of prejudice. *Id.* at
11   7.

12        A review of the docket reveals that this case is essentially no more ready for trial
13   than it was when the original Scheduling Order was issued on October 27, 2014. *See* [Doc.
14   No. 43] (Order granting plaintiff a 4 month continuance of discovery); [Doc. No. 48-1]
15   (asserting that defendants were unable to obtain discovery and prepare defenses before the
16   pre-trial deadlines expired). Plaintiff's Response in Opposition to defendants' Motion to
17   Dismiss does not present any facts to rebut the presumption of prejudice and instead
18   focuses exclusively on the unsupported "Mr. Worthington" excuse.[2] [Doc. No. 60.]
19   Accordingly, plaintiff has failed to rebut the presumption of prejudice, and nevertheless,
20   defendants have demonstrated actual prejudice caused by plaintiff's lack of prosecution.
21   Accordingly, the third factors supports dismissal.

22        *3. The public policy favoring disposition of cases on their merits.*

23        Public policy favors disposition of cases on the merits. Accordingly, the fourth
24   factors weighs strongly against dismissal. "This policy favoring resolution on the merits
25   'is particularly important in civil rights cases.'" *Hernandez v. City of El Monte*, 138 F.3d

26   _____

27   [2]     Plaintiff alleges that the 8 month delay was caused by his reliance on his allegedly retained
28   attorney, "Mr. Worthington." A full recitation of his unusual assertions can be found in [Doc. Nos. 50;
     60.]

393, 399 (9th Cir. 1998) (*quoting Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir.1987)).

         *4.   The availability of less drastic alternatives.*

         The Court possesses a wide range of tools to achieve the orderly and expeditious disposition of cases, and ensure compliance with Court orders. These sanctions include but are not limited to a formal reprimand, imposition of fees, or terminating sanctions. *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1055-56 (9th Cir. 2001), as amended on denial of reh'g and reh'g *en banc* (May 24, 2001). In considering the wide panoply of sanctions available, the Court finds that lesser sanctions would not be appropriate or effective in this case.

         First, plaintiff is a *pro se* litigant proceeding *in forma pauperis*. As such, monetary sanctions would be futile given his documented indigence. [Doc. Nos. 2; 9.] Indeed other Courts have found monetary sanctions to be equally inappropriate for *pro se* litigants proceeding *in forma pauperis*. *Sanchez v. Rodriguez*, 298 F.R.D. 460, 466 (C.D. Cal. 2014); *Briscoe v. Klaus*, 538 F.3d 252, 262–63 (3d Cir.2008) ("where a plaintiff ... is proceeding in forma pauperis, we have upheld the District Court's conclusion that no alternative sanctions existed because monetary sanctions, including attorney's fees, 'would not be an effective alternative'") (*quoting Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir.2002)); *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 (5th Cir. 2011) ("[w]e recognize that the majority of the lesser sanctions available to a district court are unlikely to create the same incentive to comply in a litigant who proceeds *in forma pauperis*, and is therefore essentially judgment proof, than in the average litigant who pays her own way in court" (internal quotation and citation omitted.)

         Second, in considering the variety of remaining sanctions, this Court must also take into account the May 13, 2016 Order to Show Cause ("OSC") and plaintiff's failure to provide a timely response. The issuance of the OSC was necessitated by plaintiff's fanciful story regarding "Mr. Worthington," the lawyer who he allegedly retained to represent him in this case. A fuller explanation of plaintiff's conduct and his assertions regarding Mr.

1  Worthington are set forth in the May 13, 2016 OSC.[3] [Doc. No. 66.] In response to the
2  unsupported and seemingly improbable assertions by plaintiff regarding his retention of
3  counsel, the Court ordered plaintiff to either withdraw any reference in his filings to Mr.
4  Worthington and provide a declaration explaining the true reason for the eight months of
5  delay in prosecuting this case, or provide specific details and evidence to substantiate his
6  claims. While the Mr. Worthington assertions are not *per se* impossible, they are so
7  extremely improbable that without additional evidence, which plaintiff failed to provide,
8  this Court concludes that they are false. Plaintiff's failure to provide a timely response to
9  the May 13, 2016 OSC, despite an express warning of the potential for dismissal of this
10 action for failure to do so, adds further weight to the falsity of his assertions regarding Mr.
11 Worthington.

12     Plaintiff's actions demonstrate that lesser sanctions would not be appropriate or
13 effective in this case. After dictating that eight months of inactivity elapse, plaintiff chose
14 to provide exaggerated and/or entirely false information to the Court, which essentially laid
15 blame on Mr. Worthington to avoid any adverse action. When provided with the
16 opportunity to remove the false information or provide the most basic information to
17 support his assertions, he chose silence. Further, plaintiff has demonstrated an ability to
18 receive information from this Court and as he states, "[aside from eight months of
19 inactivity] he has never missed a date or was late filing anything." [Doc. No. 60, at p. 2.]
20 Accordingly, this Court finds that lesser sanctions would not be appropriate or effective in
21 this case and this factor weighs strongly in favor of dismissal.

22 ///

23

24

---

25 [3]     In the May 13, 2016 OSC, the Court noted that plaintiff had been released from confinement for
26 the second time since this case was filed and again failed to keep the Court informed of his change of
   address. After receiving plaintiff's June 7, 2016 Motion for Enlargement of Time [Doc. No. 68], it became
27 apparent that a scriveners error in correspondence from the Court to plaintiff caused the Court to
   erroneously conclude that plaintiff had been released from confinement a second time. The Court
28 contacted defendants on June 8, 2015, confirming plaintiff's continued incarceration status. This
   erroneous reference however, plays no role in this Courts ultimate recommendation.

14-cv-102 BAS (KSC)

### III.  Plaintiff's Motion for Sanctions

At the Mandatory Settlement Conference held on December 9, 2015, the parties discussed plaintiff's assertions regarding his lack of access to the prison law library. To address plaintiff's concerns, this Court ordered the defendants to coordinate with the appropriate prison personnel "to ensure plaintiff [had] access to the appropriate legal facilities and supplies in accordance with *Bounds, Lewis*, and their prodigy." [Doc. No. 47, at pp. 2-3.] On March 28, 2016, plaintiff filed a Motion for Sanctions for defendant's alleged failure to provide access to the required legal materials. [Doc. No. 55.] Defendants filed their Response in Opposition on April 11, 2016. [Doc. No. 63.] Plaintiff filed a Reply on May 13, 2016. [Doc. No. 65.]

Notwithstanding plaintiff's allegations concerning his lack of access to the prison law library, the May 13, 2015 Order to Show Cause required plaintiff to take one of two actions. Plaintiff either had to file a declaration and explain the true reason for eight months of inactivity in his case, or provide the most basic information and evidence to substantiate his representations regarding "Mr. Worthington." Neither of these two options required plaintiff to conduct any legal research. Given the procedural posture of the case and the ultimate recommendation of this Court, plaintiff's Motion for Sanctions is **DENIED as moot** without prejudice. [Doc. No. 55.]

///
///
///
///
///
///
///
///
///
///

## IV.  <u>Conclusion</u>

This Court finds that four out of the five factors weigh in favor of dismissal and three of the factors weigh strongly in favor of dismissal. Accordingly, **IT IS HEREBY RECOMMENDED** that the District Court issue an order (1) approving and adopting this Report and Recommendation; (2) **GRANTING** the defendant's Motion to Dismiss for Failure to Prosecute [Doc. No. 48]; and, (3) **DENYING** plaintiff's Motion to Re-Open Discovery [Doc. No. 50.] Additionally, plaintiff's Motion for Sanctions is **DENIED as moot** without prejudice. [Doc. No. 55.]

**IT IS SO ORDERED.**

Dated:  July 19, 2016

Hon. Karen S. Crawford
United States Magistrate Judge